**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 MAY -4  A 10: 0[?]

CLERK'S OFFICE
AT BALTIMORE
BY ____

Rod J. Rosenstein
*United States Attorney*

Clinton J. Fuchs
*Assistant United States Attorney*

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4893
MAIN: 410-209-4800
FAX: 410-962-0717
Clinton.Fuchs@usdoj.gov

April 12, 2012

William Lawrence Welch, III, Esq.
111 South Calvert Street, Suite 2700
Baltimore, Maryland 21202

    Re:    Plea Agreement in the Case of
             *United States v. Matthew Talley*
             Criminal Number: L-10-0581

Dear Mr. Welch:

      This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **April 25, 2012**, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offenses of Conviction

      1.    The Defendant agrees to plead guilty to Counts Six and Seven of the Superseding Indictment now pending against him, to wit, Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951 and Possession and Brandishing a Firearm in Furtherance of a Crime of Violence for which he could be prosecuted in a court of the United States, in violation of 18 U.S.C. § 924(c). The Defendant admits that he is, in fact, guilty of these offenses and will so advise the Court.

### Elements of the Offense

      2.    The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

### Count Six

On or about December 1, 2009, in the District of Maryland,

William Welch III
April 11, 2012
Page 2 of 9

        a.        The Defendant obtained property from another without that person's consent; and

        b.        The Defendant did so by wrongful use of actual or threatened force, violence, or fear; and

        c.        As a result of the Defendant's actions, interstate commerce, or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected in some way or degree

### Count Seven

On or about December 1, 2009, in the District of Maryland,

        a.        The Defendant, Matthew Talley, possessed a firearm; and

        b.        That the Defendant possessed the firearm in furtherance of a crime of violence for which he could be prosecuted in a court of the United States, that is, Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951; and

        c.        The Defendant brandished the firearm.

### Penalties

3. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: Count Six [SIX handwritten over One]: twenty (20) years imprisonment; a $250,000 fine; and a period of supervised release of up to three (3) years; Count Seven [SEVEN handwritten over Three]: life imprisonment (with a seven year mandatory minimum term of imprisonment consecutive to any other term of imprisonment imposed); a $250,000 fine; and a period of supervised release of up to five (5) years. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term -

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

William Welch III
April 11, 2012
Page 3 of 9

and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

 a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

 b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

 c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

 d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

 e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

 f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to

William Welch III
April 11, 2012
Page 4 of 9

answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g.  If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    h.  By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

### Advisory Sentencing Guidelines Apply

    5.  The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

    6.  This Office and the Defendant understand, agree and stipulate to the following Statement of Facts, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

    a.  Statement of Facts

On December 1, 2009, the Defendant, Matthew Talley, and another individual entered the Radio Shack store located at 7617 ½ Harford Road, Baltimore, Maryland. The Defendant and his co-conspirator waited until all other customers had left the store, then one of the co-conspirators brandished a pistol and ordered the employees to open the cages containing store merchandise. When the employees were unable to do so, the Defendant and his co-conspirator locked the employees in a bathroom, forced open the cages with a broom handle and took from the store several televisions, phones and other electronic devices belonging to the Radio Shack store.

The Radio Shack is a business engaged in interstate commerce insofar as the products sold by the Radio Shack were, in some cases, produced outside of the state of Maryland. As a result of the robbery of the store's merchandise, interstate commerce, or items moving in interstate commerce, was actually affected.

b.   Guideline Stipulations

The parties stipulate and agree that as to Count Six, the **base offense level is 20** pursuant to U.S.S.G. § 2B3.1(a). The parties further agree that the base offense level is **increased by 2 levels** pursuant to U.S.S.G. § 2B3.1(b)(4) because the store employees were physically restrained to facilitate commission of the offense and to facilitate escape.

The parties further stipulate and agree that as to Count Seven, the guideline sentence for Possession and Brandishing a Firearm in Furtherance of a Crime of Violence, is **eighty-four (84) months**, pursuant to U.S.S.G. § 2K2.4(b) and 18 U.S.C. § 924(c)(1)(A)(ii). The Defendant understands that the sentence imposed for this offense must run consecutively to any other sentence imposed by the Court for any other offense.

c.   Acceptance of Responsibility

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. Based on the foregoing, the Defendant's **adjusted base offense level for Count ~~One~~ would be 19.**

7.   The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant conduct was part of a pattern of criminal conduct from which he derived a substantial portion of his income.

### Waiver of § 3559 Enhancement Notice

8.   In exchange for the Defendant's plea of guilty to Count Six and Seven of the Superseding Indictment pursuant to this plea agreement, this Office agrees not to file a notice of the Defendant's two prior convictions for serious violent felonies. Accordingly, this Office will not rely on the Defendant's prior convictions for serious violent felonies to enhance the mandatory minimum sentence to which the Defendant is subject. Nothing in this paragraph,

William Welch III
April 11, 2012
Page 6 of 9

however, shall be construed to prevent the Court from relying on the Defendant's prior convictions to calculate the Defendant's criminal history under the sentencing guidelines or in determining whether he is a career offender or an armed career criminal.

        9.      Other than as set forth above, this Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, or potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute. If the Defendant intends to seek a sentence outside the final advisory guideline range, the Defendant agrees to notify this Office of the factors under 18 U.S.C. § 3553(a) on which the Defendant intends to rely no later than fourteen (14) days prior to the date of sentencing.

### Rule 11(c)(1)(C) Plea

        10.      The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **150 months incarceration in the custody of the Bureau of Prisons followed by 3 years of supervised release** is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

### Obligations of the United States Attorney's Office

        11.      At the time of sentencing, this Office will recommend a sentence of 150 months imprisonment and move to dismiss any open counts against the Defendant.

        12.      The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

### Waiver of Appeal

        13.      In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

            a)      The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

William Welch III
April 11, 2012
Page 7 of 9

    b)    The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal from any sentence **greater than 150 months** imprisonment; and (ii) this Office reserves the right to appeal from any sentence **less than 150 months** imprisonment.

    c)    Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

    d)    The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

<u>Obstruction or Other Violations of Law</u>

14.    The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the

William Welch III
April 11, 2012
Page 8 of 9

evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

15. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement. In the event the Court rejects this Rule 11(c)(1)(C) plea agreement, pursuant to Rule 11(c)(5)(C), the Defendant will be informed that he may withdraw his plea. If he persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may be less favorable than that contemplated by this agreement. The Defendant understands that neither this Office, his attorney, nor the Court can make a binding prediction or promise that the Court will accept this agreement. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

16. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, along with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Clinton J. Fuchs
Assistant United States Attorney

William Welch III
April 11, 2012
Page 9 of 9

      I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_4-20-12_
Date

_Matthew Talley_
Matthew Talley

      I am Matthew Talley's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_4/20/12_
Date

_W. T. Welch_
William Welch III, Esq.